IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANDRE MICHAEL LAFONTAINE, III, <br><br> Plaintiff, <br><br> vs. <br><br> IOWA FALLS POLICE DEPARTMENT, <br><br> Defendant. | No. C12-0108-LRR <br><br> ORDER |

This matter is before the court pursuant to the defendant's motion to dismiss (docket no. 9). The defendant filed such motion on April 29, 2013. The plaintiff filed a resistance (docket no. 11) to the defendant's motion to dismiss on May 8, 2013.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review).

(2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Having reviewed the record, the court deems it appropriate to dismiss the remaining claims against the defendant for the reasons stated in its brief. The defendant adequately sets forth the law and applies such law to the facts that are set forth in the plaintiff's complaint. Specifically, the defendant correctly concluded that the plaintiff's action under 42 U.S.C. § 1983 is not cognizable because he merely alleges negligence and does not allege that a constitutional violation was committed pursuant to an official custom, policy or practice of the defendant.

A fair characterization of the allegations that were included in the complaint indicate that the plaintiff believes the defendant acted negligently when it failed to follow generally accepted police practices and the defendant's officers used excessive force when they

arrested him. Liability under 42 U.S.C. § 1983, however, may only be imposed "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). The plaintiff's assertion that the defendant acted negligently is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligence is not actionable under 42 U.S.C. § 1983).[2] Moreover, "[t]o establish municipal liability under [42 U.S.C.] § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)). The plaintiff does not assert that the defendant is liable for an injury that one of its employees inflicted because "a particular municipal policy or custom itself violates federal law, or directs an employee to do so" or a particular "lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Id.* (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)). Because the plaintiff's remaining claims are not plausible and because the plaintiff chose to name only the Iowa Falls Police Department, rather than an individual, as a defendant, dismissal is appropriate under Federal Rule of Civil Procedure 12.[3] Accordingly, the defendant's

---

[2] The court notes that the defendant relies on *Fitzpatrick v. State*, 439 N.W.2d 663, 667 (Iowa 1989), *Hildenbrand v. Cox*, 369 N.W.2d 411, 414-15 (Iowa 1985), and *Smith v. State*, 324 N.W.2d 299, 301-02 (Iowa 1982), in support of its assertion that the plaintiff is unable to assert a negligence claim against the defendant. To the extent that the plaintiff is asserting a state law claim of negligence, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 Fed. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

[3] The court notes that the Federal Rules of Civil Procedure afforded the plaintiff with an opportunity to amend his complaint once as a matter of course. Fed. R. Civ. P.
(continued…)

motion to dismiss (docket no. 9) is granted. The clerk's office is directed to dismiss the complaint against the defendant.

**IT IS SO ORDERED**.

**DATED** this 18th day of July, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3](…continued)
15(a). The right to amend once as matter of course, however, terminated 21 days after service of the defendant's motion to dismiss. *Id*. In light of the statements that he made in his resistance, it appears that the plaintiff carefully considered his options. Consequently, instead of filing an amended complaint to meet the arguments in the defendant's motion to dismiss, he decided that it was wiser to stand by the statements that he included in his complaint and to resist the defendant's motion to dismiss.